IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| CHARTISHA HICKS, | ) |
| *Plaintiff*, | ) |
| v. | ) |
| POWELL STAFFING SOLUTIONS, INC. | ) |
| and | ) Case Number: 3:12cv439 |
| AMERICAN INFRASTRUCTURE, INC. | ) |
| and | ) |
| AMERICAN INFRASTRUCTURE-VA, INC. | ) |
| *Defendants*. | ) |

## COMPLAINT

Plaintiff, Chartisha Hicks, by counsel, complaining of Defendants, Powell Staffing Solutions, Inc., American Infrastructure, Inc., and American Infrastructure-VA, Inc., alleges and says:

### JURISDICTION AND VENUE

1. This Court has jurisdiction of the Title VII claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, and pursuant to 42 U.S.C. § 2000e-5.

2. Venue is proper within this District and Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Richmond, Virginia.

3. Plaintiff has exhausted all required administrative procedures. Plaintiff filed a timely formal complaint with the Equal Employment Opportunity Commission against Powell Staffing on or about December 19, 2011. Plaintiff filed a timely formal complaint with the Equal Employment Opportunity Commission against American Infrastructure on or about January 3, 2012. The EEOC issued a "Notice of Right to Sue" with regard to the American Infrastructure on March 16, 2012. The EEOC issued a "Notice of Right to Sue" with regard to Powell Staffing on or about May 24, 2012. Plaintiff has brought suit within 90 days of her receipt of each "Notice of Right to Sue" consistent with Title VII of the Civil Rights Act of 1964, as amended.

## PARTIES

4. Plaintiff Chartisha Hicks (hereinafter "Hicks" or "Plaintiff") is a female U.S. citizen and resident of Richmond, Virginia. At all times relevant to the matters alleged herein, Hicks was entitled to the protections of Title VII.

5. Defendant American Infrastructure, Inc. ("AI") is a Pennsylvania corporation with its headquarters in Worcester, Pennsylvania. It is a construction company and material supplier operating throughout the Mid-Atlantic region.

6. Defendant American Infrastructure-VA, Inc. ("AI-Virginia") (collectively, with AI, the "American Infrastructure Defendants") is a Virginia Corporation and the Virginia branch of AI.

7. Defendant Powell Staffing Solutions, Inc. ("Powell Staffing") (collectively, with the American Infrastructure Defendants, "Defendants") is a Virginia Corporation. Powell Staffing is a temporary staffing agency.

## FACTS

8. Plaintiff began working for Defendants in May of 2011. She worked as a flagger, directing traffic at construction sites, and worked at four different sites over a period of six months.

9. During October of 2011, Plaintiff's work with Defendants took her to German School Road in Richmond, Virginia. In mid-October 2011, Plaintiff discovered that she was approximately four weeks pregnant and notified Darrell Powell ("Powell"), the President of Powell Staffing. Powell congratulated Plaintiff and told her that she could work until she was no longer able.

10. In late October 2011, Plaintiff experienced complications with her pregnancy and was hospitalized as a result. Plaintiff missed some work, but returned soon thereafter and continued her pregnancy.

11. On November 3, 2011, the lead flagger on the German School Road project, Ernest Tyson ("Tyson"), reassigned Plaintiff to the position of "floater." As a floater, Plaintiff gave breaks to other workers. In that position Plaintiff was able to take more frequent bathroom breaks, which Plaintiff had discovered were necessary because of her pregnancy.

12. On November 7, 2011, when Plaintiff was approximately two months pregnant, Defendants terminated her employment. Tyson informed Plaintiff that she was laid off because she was pregnant and the company could not accommodate her needs. Tyson told Plaintiff to take care of herself.

13. A secretary from Powell Staffing called Plaintiff at the end of her shift and informed Plaintiff that the "numbers had dropped" and that she would not need to come to work the next day.

14. Additionally, Powell told Plaintiff "they're going to pull you from the project." Powell stated that he was pulling Plaintiff from the job because it was difficult for her to stand for long periods of time and because it would be difficult for her to take as many breaks as she would require.

15. Plaintiff had never stated that she was having trouble standing and did not, in fact, have any trouble standing for long periods of time. Apart from her need to take regular bathroom breaks, Plaintiff exhibited no discernible symptoms of pregnancy and her pregnancy did not that affect her job in any way.

16. Powell repeated to Plaintiff Tyson's assertion that Plaintiff's pregnancy rendered her unable to perform her job at the same level as before.

17. Powell told Plaintiff that he did not believe the job was safe for her because of her pregnancy and the traffic surrounding the construction site.

18. Powell assured Plaintiff that she was eligible for re-hiring and stated that if or when the company found less strenuous work, they would call Plaintiff.

19. At the time of her termination, Plaintiff was wholly capable of performing each and every requirement of her position.

20. Defendants' decision to terminate Plaintiff was made in willful, blatant and intentional disregard of and in violation of Plaintiff's rights under Title VII.

## COUNT I
## TITLE VII – GENDER/PREGNANCY DISCRIMINATION
### (Against all Defendants)

21. Each of the preceding paragraphs is incorporated herein by reference.

22. Plaintiff, because of her gender and pregnancy, was denied terms and conditions of employment commensurate with those offered to similarly situated male employees in violation of Title VII of the Civil Rights Act of 1964, as amended.

23. Defendants' discrimination against Plaintiff was an intentional or reckless disregard of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended.

24. Defendants engaged in its discriminatory actions described above with malice, or with a reckless indifference to Plaintiff's legal rights. Title VII provides that Plaintiff is therefore entitled to punitive damages for defendant's actions alleged herein.

25. Plaintiff has been damaged as a result of Defendants' unlawful conduct. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, continues to suffer, and will in the future suffer great humiliation, distress, embarrassment, inconvenience, mental anguish, pain, suffering, injury and damages, including damage to her reputation and good will, loss of income, loss of employment, loss of employee benefits, litigation expense including attorney's fees, and consequential damages including the loss of employment opportunities, business and development opportunities, and other injury.

WHEREFORE, Chartisha Hicks, by counsel, requests the following relief:

(i) For declaratory relief, declaring that the acts and practices complained of herein are in violation of Plaintiff's rights as secured by Title VII to the 1964 Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

(ii) For a mandatory injunction directing Defendants to reinstate Plaintiff to a position of equal duties and responsibilities, with equal pay and benefits, as Plaintiff would have received but for Defendants' conduct, retroactive to November 7, 2011, or in the alternative for an award of judgment for appropriate compensatory damages under Title VII;

(iii) For punitive damages, against Defendants, jointly and severally;

(iv) For pre-judgment and post judgment interest;

(v) For incidental and consequential damages, actual attorney's fees and costs of this action, including expert witness fees; and in addition; and

(vi) For such additional relief as the Court deems necessary.

TRIAL BY JURY IS REQUESTED.

CHARTISHA HICKS

By /s/ Lauren Fisher
    Counsel

Blackwell N. Shelley, Jr. (VSB No. 28142)
Tim Schulte (VSB No. 41881)
Lauren Fisher (VSB No. 80360)
SHELLEY & SCHULTE, P.C.
P.O. Box 605
700 E. Franklin Street, 12th Floor
Richmond, VA 23218-0605
(804) 644-9700 (telephone)

(804) 644-9770 (facsimile)
blackwell.shelley@shelleyschulte.com
tim.schulte@shelleyschulte.com
lauren.fisher@shelleyschulte.com