IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHARTISHA HICKS, )
)
Plaintiff, )
)
v. ) Civil Action No. 3:12CV439-HEH
)
POWELL STAFFING )
SOLUTIONS, INC., *et al.*, )
)
Defendants. )

## AMENDED MEMORANDUM OPINION[1]
(Granting Motion to Dismiss)

This matter is currently before the Court on Defendants American Infrastructure, Inc. and American Infrastructure-VA's (collectively "AI Defendants") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Defs.' Mot. Dismiss, ECF No. 13.) The issue has been fully briefed by the parties and the Court dispenses with oral argument, finding that the facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid in the decisional process. For the reasons set forth herein, the Motion will be granted.

## I. BACKGROUND

As required by Rule 12(b)(6), the Court assumes Hicks's well-pleaded allegations are true, and views all facts in the light most favorable to her. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan, LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citing *Mylan*

---

[1] Consistent with this Court's accompanying Order entered on October 16, 2012, this Memorandum Opinion has been amended to correct a typographical error in Section IV, Conclusion.

*Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). Viewed through this lens, the allegations are as follows.

This dispute arises out of Christina Hicks's ("Hicks") allegations of unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964. She alleges that AI Defendants and Powell Staffing Solutions, Inc. ("Powell Staffing") violated Title VII when they ended her employment because of her pregnancy. (Compl., ECF No. 1.) Powell Staffing is a temporary staffing agency, and AI is a construction company, with AI-VA operating as its Virginia branch. (*Id.* at ¶¶ 5-7.) Hicks was employed through Powell Staffing to work as a flagger "directing traffic at construction sites," for AI Defendants. (*Id.* at ¶ 8.) She began working in this capacity in May of 2011, serving at four different sites over a period of six months. (*Id.*)

In October 2011, Hicks told Darrell Powell, the president of Powel Staffing, that she was pregnant. (*Id.* at ¶ 9.) She was hospitalized due to pregnancy complications and missed some work. (*Id.* at ¶ 10.) Upon her return, she was reassigned by "lead flagger," Ernest Tyson ("Tyson"), to another position so that she could take more frequent bathroom breaks. (*Id.* at ¶ 11.) When she was approximately two months pregnant, "Defendants terminated her employment." (*Id.* at ¶ 12.) Powell Staffing informed her that the "numbers had dropped" and she would not need to return to work on the next day. (*Id.* at ¶ 13.) However, Tyson informed her that "she was laid off because she was pregnant and the company could not accommodate her needs." (*Id.* at ¶ 12.) Further, Powell told her that "'they're going to pull you from the project'" and that he believed her pregnancy rendered her unable to perform her job for safety reasons. (*Id.* at ¶¶ 13-

2

19.) Powell told her that she would be eligible for rehiring when "the company found less strenuous work." (*Id.* at ¶ 18.)

Hicks filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") on January 3, 2012. The EEOC issued a Notice of Right to Sue on March 16, 2012. She then initiated this lawsuit seeking redress under Title VII. (*Id.* at ¶ 3.)

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "'detailed factual allegations,'" but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[N]aked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). In other words, a complaint is facially plausible when it contains sufficient factual allegations to support a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* In considering such a motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater*, 385 F.3d at 841 (citation omitted). Legal conclusions enjoy no such deference. *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

AI Defendants move to dismiss Hicks's claim on the grounds that she did not allege enough facts to sustain her claim. Specifically, they assert that her Complaint is insufficient because she did not plead facts that either AI Defendant was ever her "employer" for Title VII purposes or that they knew of her pregnancy. Furthermore, there is no specific allegation that AI Defendants took any adverse action against her as a result. Each argument is addressed in turn below.

### A. Hicks's Complaint Sufficiently Alleges That AI and AI-VA Were Her Employers.

Defendants first argue that Hicks does not allege that she was an employee of AI or AI-V—a prerequisite for employer liability under Title VII. A defendant may be held liable under Title VII if it (1) fits the statutory definition of employer,[2] and (2) exercises substantial control over significant aspects of the compensation, terms, conditions, or privileges of the Plaintiff's employment. *Magnuson v. Peak Tech. Servs., Inc.*, 808 F. Supp. 500, 507 (E.D. Va. 1992). To determine whether a defendant is indeed an employer of the particular plaintiff, and therefore within the purview of Title VII, the Fourth Circuit applies traditional common law principles of agency. *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 189-90 (4th Cir. 1998). The key factor in determining whether a plaintiff is an employee is the employer's "right to control the manner and

---

[2] Defendants do not challenge that they meet the statutory definition of *an* employer; instead they contend that Hicks doesn't allege that they were *her* employer.

4

means" by which the employee performs her job. *Farlow v. Wachovia Bank of N.C., N.A.*, 259 F.3d 309, 313 (4th Cir. 2001).[3] Two employers may be held jointly liable if *each* exercised the requisite amount of control over the plaintiff. *Williams v. Grimes Aerospace Co.*, 988 F. Supp. 925, 953 n.2 (D.S.C., 1997); *see also Magnuson*, 808 F. Supp. at 508 (finding that an individual may be the employee of more than one employers for the purposes of Title VII).

AI Defendants argue that Hicks does not allege an employment relationship with her. However, the Complaint alleges that (1) Powell Staffing is a temporary staffing agency (Pl.'s Compl. ¶ 7); (2) AI is a construction company (*Id.* at ¶¶ 5-6); and, (3) Hicks worked for the Defendants "collective[ly]" at four different construction sites over a six month period (*Id.* at ¶¶ 7-8). Although Hicks does not clearly articulate the parties' relationship, these facts taken together lead to the reasonable inference that Hicks was hired by Powell Staffing to work on AI's construction sites. As the operators of a construction site, AI Defendants likely had some degree of control over Hicks's work. Whether they actually exercised *sufficient* control to establish an employment relationship is a question of fact not properly resolved by a Rule 12(b)(6) motion. *See, e.g., El v. Lucent Tech., Inc.*, No. 3:02CV627, 2003 WL 23517117 (E.D. Va. Mar. 6,

---

[3] Additional relevant factors in considering whether an employment relationship exists may include: (1) the type of work; (2) the skill required; (3) who furnished the equipment used at the place of work; (4) the length of time worked; (5) the method of payment; (6) how the relationship is terminated; (7) whether annual leave is available; (8) whether work is integral part of employer's business; (9) whether the employer provides retirement benefits; (10) whether the employer pays social security taxes; and, (11) the intentions of the parties. *Garrett v. Phillips Mills, Inc.*, 721 F.2d 979, 982 (4th Cir. 1983).

2003) (reserving the question of degree of control for consideration at the summary judgment stage). Consequently, Hicks's Complaint crosses the Rule 12(b)(6) threshold by stating enough facts to reasonably infer that an employment relationship existed.

### B. Hicks's Complaint Does Not Sufficiently Allege that AI or AI-VA Intentionally Discriminated Against Her Because of Her Pregnancy.

AI Defendants next argue that Hicks fails to allege that AI Defendants knew of her pregnancy or took any adverse action as a result. (Defs.' Mem. Supp. Mot. Dismiss 6, ECF No. 14.) In other words, she fails to actually allege any specific discriminatory act on the AI Defendants' part. *See DeJarnette v. Corning Inc.*, 133 F.3d 293, 297-98 (4th Cir. 1998).

Under the Pregnancy Discrimination Act, generally, an employer violates Title VII if it takes adverse action against a pregnant employee because it *anticipates* that she will be unable to fulfill its job expectations. *Wagner v. Dillard Dept. Stores, Inc.*, 17 Fed. Appx. 141, 149 (4th Cir. 2001) (citing *Maldonado v. U.S. Bank*, 186 F.3d 759, 762 (7th Cir. 1999)). A plaintiff may establish a claim that her employer intentionally discriminated against her because of her pregnancy "'through direct or circumstantial evidence' that her pregnancy impermissibly 'motivated the employer's adverse employment decision." *Jordan v. Radiology Imaging Assocs.*, 577 F. Supp. 2d 771, 779 (D. Md. 2008) (quoting *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 284 (4th Cir. 2004)).[4]

---

[4] Here Hicks alleges that she was directly told that her employment was terminated because she could not fulfill her duties due to her pregnancy. Where no such direct evidence exists, many pregnancy discrimination claims are analyzed under the

6

Hicks does not plead sufficient facts to allege that AI Defendants intentionally discriminated against her, because it does not specifically allege an adverse action taken by AI Defendants. A complaint is only sufficient when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a court must make reasonable inferences in favor of the plaintiff under a Rule 12(b)(6) analysis, that does not include conclusions built on inadequately pleaded assumptions unadorned with facts. *See id.* The sole allegations of adverse actions taken are asserted against Powell Staffing—not AI Defendants. Because Hicks's complaint lacks such allegations, it would be pure speculation to implicate AI Defendants in the decision to terminate her employment. The Court declines to do so.

To survive a motion to dismiss, Hicks must also plead facts demonstrating that AI Defendants knew she was pregnant—otherwise they could not logically be held accountable for acting on that basis. *See Geraci v. Moody-Tottrup, Intern., Inc.*, 82 F.3d 578, (3d Cir. 1996) ("If the pregnancy is not apparent and the employee has not disclosed it to employer, she must allege knowledge . . . from which a rational jury could infer that the employer knew that she was pregnant."); *see also Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 268 (4th Cir. 2004) (finding that the "protected trait 'must

---

traditional *McDonnell Douglas* framework. Under that standard, to demonstrate a prima facie case of discrimination an employee must show: (1) she was pregnant; (2) she suffered an adverse employment action; (3) at the time of the adverse action she was preforming her job satisfactorily; and, (4) the position remained open or was filled by a similarly situated, non-pregnant applicant. *Homes v. e.spire Commc'ns Inc.*, 135 F. Supp. 2d 657, 661 (D. Md. 2001).

have actually played a role in the employer's decisionmaking process'" (quoting *Reeves v. Sanderson Plumbing*, 530 U.S. 133, 114 (2000))). Hicks's Complaint does not allege that any representative or employee of AI Defendants knew of her pregnancy. She does not allege that she or any member of Powell Staffing informed AI Defendants about her pregnancy. Thus, the Court cannot infer any knowledge on their part, and so she fails to state a claim against AI Defendants.

Hicks argues that AI Defendants are nevertheless liable because Tyson's knowledge is imputable to them. (Pl.'s Opp'n Defs.' Mot. Dismiss 11-12, ECF No. 23.) She asserts that because he is a joint employee of AI Defendants and Powell Staffing—under the same theory that Hicks is a joint employee—his knowledge of her pregnancy is imputed to them. (*Id.*) However, to allege a violation of Title VII she must identify a decision-maker of AI Defendants who knew of her pregnancy and played a role in the decision to terminate her employment. *Hill*, 354 F.3d at 268 ("[T]he pertinent inquiry is whether the decisionmaker, as opposed to other managers or subordinates, evaluated the aggrieved employee based upon discriminatory criteria." (citing *Koski v. Standex Int'l Corp.*, 307 F.3d 672, 678 (7th Cir. 2002))); *see also Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289, 300 (4th Cir. 2010) (noting that the decision-maker's intent is crucial in determining an employer's motivation for an adverse action). Thus, even assuming that Tyson is an employee of AI Defendants, because Hicks does not allege that Tyson was a relevant decision-maker, his knowledge of her pregnancy cannot be shown

to have caused the termination of her employment.[5] Hicks does not allege that AI Defendants had any other involvement with the decision to end her employment.

The Court must evaluate the complaint on its face and cannot assume absent facts. Hicks simply does not allege facts showing that AI Defendants unlawfully discriminated against her in violation of Title VII. Accordingly, the Motion to Dismiss will be granted on this basis.[6]

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Dated: Oct 17 2012
Richmond, Virginia

---

[5] Hicks's Opposition makes statements like "Tyson then made the decision that Plaintiff's pregnancy rendered her unable to perform her job" to frame Tyson as a decision maker. However these facts are lacking from her Complaint.

[6] If Hicks is aware of facts that she could allege to remedy the shortcomings of her Complaint, she may file a motion to amend pursuant to Fed. R. Civ. P. 15.